**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALONZO VASQUEZ, on behalf of himself and all others similarly situated,

Plaintiff,

-against-

MRS BPO, LLC, d/b/a MRS ASSOCIATES

Defendant.

Civil Action Number:

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ALONZO VASQUEZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP against Defendant MRS BPO, LLC, d/b/a MRS ASSOCIATES (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with an office maintained in Cherry Hill, New Jersey.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**CLASS ALLEGATIONS**

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers to whom Defendant sent a notice seeking to collect a Verizon Collection Fees, where such charges were not authorized by the original agreement between the creditor and the consumer, in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA;
    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.
- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO ALONZO VASQUEZ**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Prior March 31, 2016, an obligation was allegedly incurred by Plaintiff to Verizon Wireless ("Verizon").

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged Verizon obligation is a “debt” as defined by 15 U.S.C. §1692a(5).

16. Plaintiff is a “consumer” as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. Defendant contends that the alleged Verizon debt is past due.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

20. At a time known only to Defendant, Verizon, directly or through an intermediary, contracted Defendant to collect on the Verizon debt.

21. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on March 31, 2016. (**Exhibit A)**.

22. Defendant’s written correspondence to Plaintiff is a “communication” as defined by 15 U.S.C. § 1692a(2).

23. Said communication, the Defendant’s March 31, 2016 collection letter, states in pertinent part: “Verizon Collection Fees: $293.90”. *See* **Exhibit A**.

24. As set forth in the following Counts, Defendant’s communication violated the FDCPA.

**COUNT I**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692e and 1692f *et seq.***

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered “1” through “24” herein with the same force and effect as if the same were set forth at length herein.

26. Collection letters such as those sent by defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27. Section 1692e(10) states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt…. the following conduct is a violation of this section:

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. Section 1692f(1) states that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a Collection fee on its website in violation of the FDCPA.

30. That the Collection Fee is a fee charged and collected by Defendant.

31. That the Collection Fee is not expressly authorized by any agreement that Plaintiff has with the original creditor.

32. That the Collection Fee is not permitted by any applicable law.

33. That, as and for an alternative, Defendant retains all or a portion of the Collection Fee.

34. That Defendant's retention of all or a portion of the Collection Fee is not expressly authorized by any agreement that plaintiff has with the original creditor.

35. That Defendant's statement in its collection letter regarding the Collection Fee is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f(1).

36. That Defendant's statement in its collection letter regarding the Collection Fee constitutes an unfair and unconscionable means used by defendant in its attempt to collect a debt, in

violation of the FDCPA, including but not limited to § 1692f(1).

37. That further, Defendant's statement in its collection letter regarding the Collection Fee also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e and 1692e(2)(B).

38. That Defendant's statement in its collection letter regarding the Collection Fee constitutes a false, deceptive, and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of the FDCPA Sections 1692e and 1692e(10).

39. That further, Defendant's statement in its collection letter regarding the Collection Fee is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e(5).

40. The notification and collection of the $231.82 Collection fee is unlawful. See e.g. *Shami v. National Enter. Sys*., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.,* 2014 U.S. Dist. LEXIS 27735

(E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

41. The Eighth Circuit, *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000) held that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance. The Eleventh Circuit recently ruled in *Melvin Bradley v. Franklin Collection Service, Inc.*, Case No. 13-12276 (C.A. 11, Jan. 2, 2014) that "[Defendant] violated the FDCPA when it collected from [Plaintiff] a debt that included a 33-and-1/3% 'collection fee' when [Plaintiff] only agreed to pay the actual cost of collection."

42. Defendant's Collection Fees demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive a collection fee by collecting an amount that was not authorized by contract or permitted by law.

43. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

44. Defendant collected, or attempted to collect, an unauthorized Collection fee from consumers via their standard form collection letter depicted by **Exhibit A**, to at least 50 natural persons residing in the State of New York within one year of the date of this Complaint.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FDCPA**
**15 U.S.C. §§ 1692e and 1692f *et seq.***

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

47. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

48. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging Plaintiff an amount in excess of what was actually owed in the guise of a Collection Fee.

49. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a Collection Fee in violation of the FDCPA.

51. Specifically, at the time Defendant sent the March 31, 2016 letter, Plaintiff did not owe Verizon a Collection Fee in the amount of $293.90

52. At the time Defendant sent the March 31, 2016 letter to Plaintiff, Defendant had not billed Verizon for collection fees in the amount $293.90, relative to the collection of the alleged debt.

53. At the time Defendant sent the March 31, 2016 letter to Plaintiff, Defendant had not charged Verizon a Collection Fee of $293.90, relative to the collection of the alleged debt.

54. At the time Defendant sent the March 31, 2016 letter to Plaintiff, Verizon had not paid a Collection Fee to Defendant in the amount of $293.90.

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) et seq. of the FDCPA, actual damages, statutory damages,

costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ibrahim Abohamra, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 18, 2016

Respectfully submitted,

By: /s/ Ibrahim Abohamra
Ibrahim Abohamra, Esq.
Sirotkin Varacalli & Hamra, LLP
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571
*Attorneys for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Ibrahim Abohamra*
Ibrahim Abohamra, Esq.

Dated: April 18, 2016